United States District Court
Southern District of Texas
**ENTERED**
December 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00137 |
| | § | |
| WARDEN G HEAD, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a prisoner currently incarcerated at the Victoria County Jail in Victoria, Texas. Proceeding *pro se*, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his pretrial detention. (D.E. 1). Pending is Respondent's "Response to Court's Show Cause Order," which the undersigned construes as a Motion for Summary Judgment. (D.E. 14). Petitioner has failed to file a response and, pursuant to Local Rule 7.4, this may be taken as a representation of no opposition. However, the undersigned has considered the merits. For the reasons stated herein, it is respectfully recommended that Respondent's Motion be GRANTED. (D.E. 14).

### I. JURISDICTION

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Victoria, Texas and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(5); *McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978)

(explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

Petitioner is a federal pretrial detainee incarcerated at the Victoria County Jail. He is charged with conspiracy to possess with the intent to distribute more than 5 kilograms of cocaine. *United States v. Campbell*, 6:21-cv-121-3 (S.D. Tex. July 22, 2021) (Indictment) and (S.D. Tex. Aug. 19, 2021) (Superseding Indictment). On July 29, 2021, Petitioner appeared with counsel and waived the right to a detention hearing pursuant to the Bail Reform Act and was ordered detained without bond pending trial. *United States v. Campbell*, 6:21-cv-121-3 (S.D. Tex. July 29, 2021) (Order of Detention). Since then, Petitioner has repeatedly raised frivolous arguments, which have all been rejected, commonly associated with the uniformly rejected "sovereign citizen" movement asserting the Court does not have criminal jurisdiction over him. *United States v. Campbell*, 6:21-cv-121-3 (S.D. Tex. Nov. 1, 2021) (Order) (citing *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. 2020)) and S.D. Tex. Oct. 8, 2021 (Order adopting Memorandum and Recommendation). Trial is currently set for January 10, 2022. *United States. v. Campbell*, No. 6:21-cr-121-3 (S.D. Tex. Nov. 4, 2021) (Minute Entry). Petitioner filed this federal habeas petition alleging he is being illegally confined. (D.E. 1 and D.E. 12).

### III.   SUMMARY JUDGMENT STANDARD

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).  Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").

### IV.   DISCUSSION

In cases where federal prisoners have sought relief prior to standing trial, federal courts have consistently refused to exercise habeas authority.  *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial.") (citations omitted).  The Fifth Circuit continues to follow the general rule that § 2241 is not the proper avenue of relief for federal prisoners awaiting trial to challenge pretrial detention.  *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) ("[T]he terms of the Bail Reform Act and the potential for abuse of the writ

and for unnecessary duplication of appeals…should ordinarily provide strong incentive for defendants to employ Section 3145 appeals."); *Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010) (Section 2241 is not the proper vehicle for claims regarding federal pretrial detention or for challenging the validity of a federal conviction). Here, Petitioner has adequate remedies available in the criminal action he has not yet exhausted and he has not alleged any exceptional circumstances warranting a departure from regular judicial procedure.

## V. RECOMMENDATION

Therefore, the undersigned **RECOMMENDS** the Court find that Petitioner must challenge the validity and nature of his pretrial detention within his criminal proceeding rather than in a § 2241 petition. Accordingly, the undersigned further **RECOMMENDS** Respondent's Motion for Summary Judgment be **GRANTED**. (D.E. 14).

Additionally, should the criminal charges be resolved and/or Petitioner be released during the pendency of this M & R, the undersigned further **RECOMMENDS** this case must be dismissed as moot and/or for lack of jurisdiction. *Fassler*, 858 F.2d at 1018 (Recognizing habeas petitions challenging the legality of pretrial detention are rendered moot by conviction) (citations omitted); *Wade v. Wichita Cty., Tex.*, No. 21-10283, 2021 WL 5751441 (5th Cir. Dec. 2, 2021) (Same); *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (Petitioner's request for immediate release from custody is rendered moot following the dismissal of criminal case and/or release from pre-trial detention as "an action is moot when the court cannot grant the relief requested by the

moving party.") (citations omitted); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (A §2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion); *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

    Respectfully submitted on December 9, 2021.

                                      Jason B. Libby
                             United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).