UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00137 |
| | § | |
| WARDEN G HEAD, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the Court are United States Magistrate Judge Jason B. Libby's Memorandum and Recommendation (M&R, D.E. 16) and Petitioner Adrian K. Campbell's objections (D.E. 17, 27).[1]  For the following reasons, the Court **OVERRULES** Campbell's objections and **ADOPTS** the M&R.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and

---

[1] D.E. 17 and D.E. 18 are identical and were filed on the same day (December 22, 2021)—it is unclear why this duplicate exists.  To simplify references to Campbell's arguments in the Court's order, the Court relies on D.E. 17. Furthermore, the Court relies on the *actual* pagination in D.E. 17 (a five-page document), rather than Campbell's pagination, which seems to skip page two and thus only numbers four pages.  While Campbell also filed an "Additional Objection" (D.E. 19), the Magistrate Judge then granted Campbell's motion to disregard (D.E. 20, 22). Campbell further filed a "Motion to Rule on Objection to M&R" (D.E. 23), which the Magistrate Judge granted (D.E. 24), and the Court undertakes that task now.

conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Campbell, currently incarcerated at the Victoria County Jail in Victoria, Texas, filed a pro se petition for a writ of habeas corpus challenging his pretrial detention.  D.E. 1, 12.  Respondent filed a "Response to Court's Show Cause Order," which has been construed as a Motion for Summary Judgment.  D.E. 14, 15.  Respondent argued that Campbell's detention is lawful, pursuant to a federal court order related to criminal charges against Campbell for conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine.

The M&R recommends that the Court grant the motion for summary judgment, finding that Campbell must challenge the validity and nature of his pretrial detention within his criminal proceeding rather than in a habeas petition.  D.E. 16, p. 4.  Alternatively, should the criminal charges be resolved, the M&R recommends that the Court dismiss Campbell's habeas petition as moot and/or for lack of jurisdiction.  *Id.*

Campbell states multiple objections to the M&R, which essentially complain that: (a) the summary judgment motion was not procedurally proper; (b) the Government does not have standing to prosecute him because there is no allegation of an injured party and thus his detention on such inadequate charges is inappropriate; and (c) he has not committed any crime for which detention is permitted.  D.E. 17, 27.  Approximately three months after the M&R's issuance, and after he filed his objections, Campbell pled guilty

to the criminal charge before United States District Judge Drew Tipton.  *United States v. Foster*, No. 6:21-cr-121-3 (S.D. Tex. Mar. 3, 2022) (D.E. 258).  He now awaits sentencing.  *Id.*

Campbell's first objection is **OVERRULED** because the response to the show cause order (D.E. 14), construed as a summary judgment motion (D.E. 15), was timely filed, contained an argument on which the Government could prevail as a matter of law, and was accompanied by official documents (D.E. 14-1 through 14-5) from Campbell's federal criminal proceeding, No. 6:21-cr-121, in the Southern District of Texas, Victoria Division.  *See* Fed. R. Civ. P. 56.  These documents are evidentiary and are admissible as the proper subject of judicial notice.  *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 & n.12 (5th Cir. 1998) (a court may take judicial notice of documents filed in another court to demonstrate the fact of such litigation and related filings).  The motion was also accompanied by a properly executed Declaration (D.E. 14-6), which constitutes summary judgment evidence.  Fed. R. Civ. P. 56(c)(4).  There is nothing procedurally or substantively improper about the summary judgment motion.

The Court **OVERRULES** Campbell's second objection because the Government is the appropriate prosecutorial authority with respect to federal crimes of the type charged against Campbell.  The prosecution of criminal offenses does not require standing as defined in *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), which describes standing in a civil matter.  *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *see also United States v. Horner*, 769 F. App'x 528, 532 n.5 (10th Cir. 2019)

3 / 4

(rejecting argument that federal government lacked standing to prosecute defendant); *United States v. Yarbrough*, 452 F. App'x 186, 189 (3d Cir. 2011) ("Because the Government has standing to enforce its own laws, Yarbrough's argument that the Government has failed to allege an injury in fact is frivolous."). It is sufficient that the crime states an offense against the public interest. *Vt. Agency*, 529 U.S. at 771.

The Court **OVERRULES** Campbell's third objection because his conviction mooted the objection based on his innocence of any crime. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam); *United States v. Route*, No. 02-61036, 2003 WL 1922946, at *1 (5th Cir. Mar. 27, 2003) (per curiam).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Campbell's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Campbell's objections and **ADOPTS** the findings and conclusions of the Magistrate Judge. Accordingly, the Court **DISMISSES** Campbell's habeas petition.

ORDERED on July 7, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE