United States District Court
Southern District of Texas
**ENTERED**
August 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00137 |
| | § | |
| WARDEN G HEAD, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY CERTIFICATE OF APPEALABILITY**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636. For the reasons set forth below, the undersigned recommends the Court **DENY** Petitioner a certificate of appealability.

I.   BACKGROUND

Petitioner/Appellant Adrian Campbell is a federal detainee awaiting sentencing in a drug trafficking case. *United States v. Campbell*, 6:21-cr-121-3 (S.D. Tex. July 22, 2021). He filed the instant habeas action *pro se* pursuant to 28 U.S.C. § 2241, in attempt to challenge his federal pretrial detention. On December 9, 2021, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Respondent's Motion for Summary Judgment be granted. (D.E. 16). On July 7, 2022, United States District Judge Nelva Gonzales Ramos adopted the recommendation and entered judgment in favor of Respondent and summarily dismissed this action. (D.E. 29, D.E. 30). Petitioner/Appellant

filed a notice of appeal on July 15, 2022 and his application to proceed *in forma pauperis* was granted on July 26, 2022. (D.E. 33, D.E. 38). On August 16, 2022, the undersigned was notified by the Fifth Circuit Court of Appeals that a ruling on a certificate of appealability was necessary in order for the appeal to proceed.

II.     **CERTIFICATE OF APPEALABILITY**

The undersigned did not include a recommendation on a certificate of appealability in the memorandum and recommendation to dismiss based on authority that a federal prisoner seeking a writ of habeas need not obtain a certificate of appealability. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). However, the undersigned finds no reason why this Court should not rule on whether a certificate of ability should be granted in light of the instructions from the Fifth Circuit.

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

The Fifth Circuit has consistently held, that absent exceptional circumstances, section 2241 is not the appropriate remedy for pretrial detention where detention may be challenged under the Bail Reform Act, 18 U.S.C. § 3145. *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988). Additionally, because Petitioner/Appellant has now been convicted, his habeas challenges to his pretrial detention have now been rendered moot. *Id.* at 1018.

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended the Court find Petitioner is not entitled to a certificate of appealability.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Petitioner Adrian Campbell be **DENIED** a certificate of appealability.

ORDERED on August 16, 2022.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).